IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| GEORGE THOMAS,<br><br>　　Plaintiff,<br><br>vs.<br><br>DAVID CHIODO, Individually and in his Official Capacity as a Police Officer for the City of Des Moines, Iowa, and the CITY OF DES MOINES, IOWA,<br><br>　　Defendants. | CASE NO.: _____<br><br>COMPLAINT<br>(JURY DEMAND) |

The Plaintiff, George Thomas, through his attorneys, Robert Montgomery and Brandon Brown, hereby states the following in support of his Complaint:

### JURISDICTION AND VENUE

1.　This is a civil action arising under 42 U.S.C. § 1983 for a violation of Plaintiff's constitutional and civil rights which are guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2.　Jurisdiction of the Court is invoked under 28 U.S.C. §§ 1331 and 1343(3) and the aforementioned constitutional and statutory provisions.

3.　All events and actions referenced in Complaint occurred in the Southern District of Iowa, therefore venue is proper under 28 U.S.C § 1391(b).

### PARTIES

4.　Plaintiff, George Thomas, is, and at all times material hereto was, a citizen and resident of the State of Iowa, City of Des Moines, County of Polk.

5. Defendant, David Chiodo (hereinafter "Defendant Chiodo"), is a citizen and resident of the State of Iowa and at all times relevant to the events complained of herein, was a police officer employed by the City of Des Moines, Iowa.

6. Defendant, City of Des Moines (hereinafter "Defendant City"), is a municipal corporation organized and authorized to operate under the laws of Iowa, and is located at 602 Robert D. Ray Drive, Des Moines, Polk County, Iowa.

7. Defendant, City, is a municipal corporation organized under the laws of Iowa and is responsible for maintaining and operating the Des Moines Police Department.

8. At all times relevant to the events complained of herein, Defendant, Chiodo, was acting within the scope of his employment or duties.

## FACTS

9. On September 23, 2005, the then-65 year-old Plaintiff was driving his personal automobile on or about East 29th Street in Des Moines, Iowa, with a female companion passenger when his car was stopped by Defendant, Chiodo, for having a headlight out. Plaintiff's vehicle never exceeded the posted speed limit, and Plaintiff's vehicle never committed any moving violations and never drove erratically or improperly.

10. The seemingly routine traffic stop of Plaintiff by Defendant, Chiodo, was at 8:56 p.m. Defendant, Chiodo, then obtained license and registration information from the Plaintiff and returned to back to his police patrol car to apparently run a check on and process this information.

11.  At 9:03 p.m. Defendant, Chiodo, returned to Plaintiff's car to apparently deliver Plaintiff a routine traffic citation ticket for having a headlight out. Thereafter Defendant, Chiodo, delivered the traffic citation to Plaintiff, the delivery of which would otherwise have terminated this routine traffic stop and allowed Plaintiff to be on his way.

12.  However, when Defendant, Chiodo, delivered the ticket citation to Plaintiff, he became agitated with Plaintiff, apparently because he did not like what Plaintiff said, or did not like Plaintiff's attitude, and upon delivering the traffic citation to Plaintiff, Defendant, Chiodo, physically slapped and/or struck Plaintiff's hand, and with no justification, reached into Plaintiff's vehicle, and forcibly, and without justification, yanked the elderly, 65 year-old Plaintiff out of his vehicle, and slammed the elderly, 65 year-old Plaintiff onto the ground of the hard-surfaced pavement of the roadway, further assaulting him. After having yanked Plaintiff out of his vehicle and slamming Plaintiff onto the hard-surfaced pavement of the roadway, Defendant, Chiodo, without any resistance or provocation by Plaintiff, then again physically knocked Plaintiff against the pavement and/or slammed Plaintiff to the pavement again. After slamming Plaintiff against the pavement, and while Defendant, Chiodo, was physically forcing Plaintiff face-first into the hard pavement, Defendant, Chiodo, then twisted plaintiff's arms behind his back.

13.  Thereafter, in addition to the routine traffic citation, Defendant, Chiodo, arrested Plaintiff and falsely accused Plaintiff of assaulting him (Defendant Chiodo), resulting in a formal criminal charge against Plaintiff for "Assault On A Peace Officer", in violation of Iowa Code Section 708.1 and 708.3A(4).

14. At not time during this traffic stop and interaction between Plaintiff and Defendant, Chiodo, did the elderly, 65 year-old Plaintiff ever slap, strike, hit, pull, kick, or otherwise assault or batter Defendant, Chiodo, in any manner whatsoever.

15. The criminal charge against Plaintiff for "Assault on a Peace Officer" was eventually dismissed by the Iowa District Court for Polk County, Iowa on or about January 5, 2006.

## COUNT I
## CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983
## (EXCESSIVE USE OF FORCE AND FALSE ARREST)

16. Plaintiff re-pleads paragraphs one (1) through fifteen (15) as if fully set herein.

17. At all times material to this Complaint, Defendant acted under the color of State law.

18. Defendant, Chiodo, is a person for the purposes of a Section 1983 action for damages.

19. On or about September 23, 2007, Plaintiff's constitutional rights were violated to wit: Plaintiff was unlawfully arrested and/or detained by Defendant, Chiodo, after Defendant, Chiodo, had completed an otherwise routine, simple misdemeanor, traffic citation for a burned out headlight. Additionally, during this process, Plaintiff's constitutional rights were violated when Defendant, Chiodo, committed the acts of assault and battery against Plaintiff described in paragraph 12 above, which acts constitute excessive use of force and a violation of Plaintiff's constitutional rights.

20. Defendant, Chiodo, lacked probable cause or reasonable suspicion to arrest Plaintiff after having completed the routine traffic citation and delivering the citation to the Plaintiff.

21. The unreasonable seizure of Plaintiff's person, and the assault, battery, and excessive use of force against him during this process, was made under the color of authority of Defendant, Chiodo, as a police officer for the City of Des Moines, Iowa.

22. As a direct and proximate result of Defendant, Chiodo's, illegal conduct, described in paragraphs 12, 13, and 19, above, the Plaintiff has in the past and will in the future suffer and incur the following damages:

  a. Deprivation of his constitutional rights;

  b. Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress.

  c. Consequential damages and other damages as allowed by law.

23. The actions of Defendant, Chiodo, against Plaintiff were willful, wanton, unlawful, and in gross disregard for the federally protected rights of the Plaintiff, justifying an award of punitive damages.

**WHEREFORE**, Plaintiff, George Thomas, prays for Judgment against Defendant, Chiodo, as follows:

  a. Compensatory damages against Defendant, Chiodo, in an amount as yet to be determined;

  b. Punitive damages sufficient to punish Defendant, Chiodo, and deter him and others from similar conduct in the future, in an amount as yet to be determined;

  c. Plaintiff's cost in this action, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and,

    d.    Such relief as the Court deems just and equitable.

## COUNT II
## ASSAULT AND BATTERY

24. Plaintiff repleads paragraphs one (1) through twenty-three (23) as if fully set forth herein.

25. Defendant, Officer Chiodo, physically removed Plaintiff from his automobile as set forth above and physically threw Plaintiff to the ground, as set forth above. The actions of Defendant Officer were undertaken without the consent of the Plaintiff.

26. Defendant, Officer Chiodo's, offensive contact caused physical injury to Plaintiff and also placed Plaintiff in fear of further physical pain and/or injury.

27. Defendant, Officer Chiodo's, use of force against the Plaintiff was clearly excessive and unreasonable under the circumstances, constituting assault and battery.

28. As a proximate result of Defendant, Officer Chiodo's, acts and omissions, the Plaintiff has in the past and will in the future suffer injuries and damages.

29. Defendant, City, through the acts and conduct of its Officer, Defendant, Chiodo, set out above, assaulted and battered the Plaintiff, and/or is responsible for the assault and battery against the Plaintiff under the principle of respondeant superior.

**WHEREFORE,** the Plaintiff respectfully requests judgment against Defendants, Chiodo, and City in an amount which will fully and fairly compensate him for his injuries and damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## COUNT III
## FALSE ARREST/FALSE IMPRISONMENT

30. Plaintiff repleads paragraphs one (1) through twenty-nine (29) as if fully set forth herein.

31. Plaintiff was detained against his will by Defendant, Chiodo.

32. Given that the traffic citation had been complete, and the citation delivered to Plaintiff, Defendant, Chiodo, lacked reasonable grounds or probable cause on which to further detain the Plaintiff after the point of delivering the written traffic citation to the Plaintiff.

33. Defendant, Officer Chiodo, did not act in good faith in detaining the Plaintiff.

34. Defendant, City, through the conduct of its Officer, as described above, falsely arrested and falsely imprisoned the Plaintiff, and/or is responsible for the false arrest of the Plaintiff under the principle of respondeant superior.

35. As a proximate result of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages.

**WHEREFORE,** the Plaintiff respectfully requests judgment against Defendants, Chiodo and City, in an amount which will fully and fairly compensate him for his injuries and damages, for attorney fees, interest and costs as allowed by law, and such other relief as may be just under the circumstances.

### COUNT IV
### NEGLIGENCE

36. Plaintiff repleads paragraphs one (1) through thirty-five (35) as if fully set forth herein.

37. Defendants owed a duty to Plaintiff to act with reasonable care for his emotional and physical well-being and safety.

38. Defendant, City, by and through the acts and omissions of its aforementioned Officer, breached such a duty, constituting negligence.

39. As a proximate cause of Defendants' acts and omissions delineated above, Plaintiff has in the past and will in the future suffer damages.

40. Plaintiff suffered damages as a result of said negligent conduct.

**WHEREFORE,** the Plaintiff respectfully requests judgment against Defendants, Chiodo and City, in an amount which will fully and fairly compensate him for his injuries and damages, for attorney's fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## COUNT VI
## INVASION OF PRIVACY

41. Plaintiff repleads paragraphs one (1) through forty (40) as if fully set forth herein.

42. Defendant, City, by and through its Officers, intentionally interfered upon the seclusion of the Plaintiff's person and affairs by invading his person.

43. Such intrusion was highly offensive to the Plaintiff.

44. Such intrusion would have been highly offensive to any reasonable person.

45. Defendants were aware that such intrusion would have been highly offensive to any reasonable person.

**WHEREFORE,** the Plaintiff respectfully requests judgment against Defendants in an amount which will fully and fairly compensate him for his injuries and damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## JURY DEMAND

The Plaintiff hereby requests a trial by jury in this matter on all counts to which the Plaintiff is entitled to a jury.

>PARRISH KRUIDENIER DUNN BOLES
>GRIBBLE COOK PARRISH GENTRY &
>FISHER, L.L.P.
>
>BY: *Robert P. Montgomery*
>Robert P. Montgomery    AT0005507
>2910 Grand Avenue
>Des Moines, Iowa 50312
>(515) 284-5737
>(515) 284-1704 (Fax)
>rmontgomery@parrishlaw.com
>**ATTORNEY FOR PLAINTIFF**

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause by:

| | | | |
|---|---|---|---|
| ( ) | personal service | ( ) | first class mail |
| ( ) | certified mail, return receipt requested | ( ) | facsimile |
| ( ) | Airborne Express (overnight) | (X) | electronic filing |

on the __24th__ day of __September__, 2007.
I declare that the statements above are true to the best of my information, knowledge and belief.

*Brenda Mozena*

Original Filed.

9